# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **RYAN CARABOOLAD,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SUN TAN CITY, LLC,** a Kentucky company,<br><br>*Defendant*. | Case No.  3:19-CV-444-CRS<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Ryan Caraboolad ("Caraboolad" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sun Tan City, LLC ("Sun Tan City" or "Defendant") to stop Sun Tan City from violating the Telephone Consumer Protection Act and the South Carolina Telephone Privacy Protection Act by making unsolicited, calls to consumers registered on the National Do Not Call registry and/or entitled to the protections of South Carolina law, and to obtain other injunctive and monetary relief for all persons injured by Sun Tan City's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Caraboolad is an Ohio resident.

2. Defendant Sun Tan City is a Kentucky limited liability company headquartered in Elizabethtown, Kentucky. Defendant conducts business throughout this District, the State of Kentucky, and throughout the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). This Court has supplemental jurisdiction over Plaintiff's claim under the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-70 ("SCTPPA") claim pursuant to 28 U.S.C. § 1367(a), because the SCTPPA claim arises out of the same facts and circumstances as Plaintiff's TCPA claim.

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## COMMON ALLEGATIONS

**Sun Tan City Markets its Services Through Unsolicited Text Messages to Consumers**

5. Sun Tan City is a chain of sun tanning salons that are located throughout the United States.

6. Sun Tan City engages in text message telemarketing.

7. Sun Tan City sends bulk solicitation text messages to consumers, even when it does not have consent to send such text messages. In Plaintiff's case, Sun Tan City sent 10 unsolicited text messages to his cellular phone, despite Plaintiff having his phone number registered with the National Do Not Call registry to prevent such calls.

8. Sun Tan City owns/operates and/or utilizes the shortcode 71976 to send marketing text messages.

9. On February 3, 2007, Plaintiff registered his cellular telephone number on the National Do Not Call Registry. Plaintiff's cell phone number is for personal use and not associated with a business.

10. On January 2, 2018 at 12:45 pm, Plaintiff received an unsolicited text message from Defendant to his cellular phone using shortcode 719-76:

> Tue, Jan 2, 12:45 PM
>
> SunTanCity: Slay the new year! Get tan in 2018 with our Tour of the City deal! 5 Tans, plus Spray Tan, only $4.99! Details: http://po.st/7m2S8S STOP=Cancel

11. Plaintiff received additional unsolicited text messages from Defendant using shortcode 719-76 on:

**January 17, 2018 at 12:05 pm** – "SunTanCity: Here's the deal, only $4.99 to try every level of sunbed, plus spray tan, with our Tour of the City! Details: http://po.st/dmWRvn STOP=Cancel"

**February 5, 2018 at 12:47 pm** – "SunTanCity: The Best Week of the Year is here, FREE Tan Week! Free Tans + Next Level Upgrades for Members & More! Details >>http://po.st/j4zOpj STOP=Cancel"

**March 5, 2018 at 11:47 am** – "SunTanCity: Tan Lines Optional during FREE Spray Tan Week! Today through March 11th, FREE Regular Spray Tans & More! Details http://po.st/byOj8n STOP=Cancel"

**March 16, 2018 at 11:47 am** – "SunTanCity: Get Tan in an instant! $5* Any Spray Tan or Sunbed! Combine to Double Dip. Ends Sunday. http://po.st/QK7wga STOP=Cancel"

**April 3, 2018 at 11:46 am** – "Sun Tan City: Vicki's Birthday Bash is Back & You're Invited! Tan all year for just $10* a month! Get Details: http://po.st/jMkGtm STOP=Cancel"

**June 4, 2018 at 12:18 pm** – "SunTanCity: Tan for only 99 Cents! Get Fast Level Visits, Next Level Member Upgrades & more now until June 17! Get Details: http://po.st[unknown] STOP=Cancel"

3

**June 25, 2018** – "SunTanCity: 50% Off Sale! Get 50% Off Any Spray Tan, Any Sunbed, Double Dip & More! Now until June 30! Get Details: http://po.st/JV6wDO STOP=Cancel"

**July 23, 2018** – "SunTanCity: Get Vaca Ready with our "Tan for 99 Cent Sale!" 99 Cent Fast Level Tans, Next Level Member Upgrades & More! Info: http://po.st/7F5ePi STOP=Cancel"

**August 5, 2018** - "SunTanCity: It's your time to shine with $5 Any Spray Tan or Sunbed visits! Add extra color with a $10 Double Dip! Get info: http://po.st/Gsnzg1 STOP=Cancel"

12. Tired of all the unsolicited, unwanted text messages he was receiving on his cellular phone, Plaintiff replied "Stop" on August 5, 2018 and received an immediate response: "Bummer! We're so sorry to see you go. You are now opted-out & will receive no further text messages from Sun Tan City. For more information call 270-765-7400[.]"

13. Plaintiff was residing in South Carolina when he received each of the text messages.

14. Plaintiff does not have a relationship with Sun Tan City or any of its affiliated companies, nor has he ever consented to receive marketing text messages from Defendant.

15. The unauthorized text messages sent by Sun Tan City, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Caraboolad's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

16. Seeking redress for these injuries, Caraboolad, on behalf of himself and other similarly situated individuals, brings suit under the TCPA and SCTPPA which prohibit unsolicited calls and texts to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's Claims

17. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called/texted more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services.

> **SCTPPA Class**: All persons in South Carolina who during the relevant limitations period: (1) Defendant (or an agent acting on behalf of Defendant) called/texted, (2) for substantially the same reason that Defendant called Plaintiff, (3) after the person's phone number had been listed on the national Do Not Call registry.

18. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

19. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

20. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant systematically sent text messages to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

    (b) whether Defendant's conduct constitutes a violation of the TCPA and SCTPPA; and

    (c) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest averse to the Classes.

22. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Clases, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Caraboolad and the Do Not Call Registry Class)

23. Plaintiff repeats and realleges the paragraphs 1 through 22 of this Complaint and incorporates them by reference herein.

24. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

25. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

26. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

27. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

28. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

29. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## SECOND CAUSE OF ACTION
**South Carolina Telephone Privacy Protection Act
(Violation S.C. Code § 37-21-70)
(On Behalf of Plaintiff Nelson and the SCTPPA Class)**

30. Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint and incorporates them by reference herein.

31. Defendant and/or its agents made unwanted solicitation telephone calls to phone numbers belonging to Plaintiff and the other members of the SCTPPA Class.

32. These solicitation calls were made *en masse* without the consent of the Plaintiff and the other members of the SCTPPA Class to receive such solicitation calls.

33. Defendant did not have consent from the Plaintiff or the SCTPPA Class to make these calls.

34. Defendant has, therefore, violated S.C. Code § 37-21-70. As a result of Defendant's conduct, Plaintiff and the other members of the SCTPPA Class are each entitled to a

minimum of $1,000 in damages, and up to $5,000 in damages, for each violation and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA and SCTPPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**RYAN CARABOOLAD**, individually and on behalf of those similarly situated individuals

Dated: June 18, 2019          By: __/s/ *Larry Ashlock*

Larry Ashlock
Ashlock Law Group, PLLC
236 W. Dixie Ave.
Elizabethtown, KY 42701
Telephone (270) 360-0470
Larry@AshlockLawGroup.com

Stefan Coleman*
law@stefancoleman.com

9

LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Fl
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*